## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **WALTER and RUBY LEGGETT** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 13–cv–137–SCW** |
| | ) | |
| **BORGWARNER MORSE TEC INC. et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## <u>ORDER</u>

**WILLIAMS, Magistrate Judge:**

Before the Court is Plaintiffs' Motion for Reconsideration re: Order on Motion to Remand to State Court.  (Doc. 144).  For the reasons that follow, the Court **GRANTS** the Motion to Remand this cause of action to the Third Judicial Circuit, Madison County Illinois.

### PROCEDURAL HISTORY

Originally, United Technologies Corp. removed this case to federal court on February 8, 2013.  (Doc. 2).[1]  In its Notice of Removal, United Technologies Corp. indicated that it was doing so pursuant to 28 U.S.C. § 1442(a)(1), which provides for removal when a defendant is sued for acts undertaken at the direction of a federal officer.  Plaintiffs filed a Motion to Remand on March 6, 2013, challenging United Technologies Corp.'s ability to show that its contract with the United States Navy precluded it from issuing effective warnings of the dangers of asbestos.  (Doc. 32).  District Judge G. Patrick Murphy rejected this argument after holding a hearing on the Motion on

---

[1] Removal of a case by a federal officer under 28 U.S.C. § 1442 does not require the consent of co-defendants, and permits removal even if the other defendants did not join the removal or waived their right to do so.  ***See Alsup v. 3-Day Blinds, Inc.*, 435 F.Supp.2d 838, 842 (S.D. Ill. 2006);**

June 10, 2013, finding that the case was not distinguishable from *Ruppel v. CBS Corp.*, 701 F.3d 1176 (7th Cir. 2012). (Doc. 47). The case remained pending in Federal Court.

On October 4, 2013, Plaintiffs filed a Motion to Dismiss United Technologies Corp. (Doc. 141), which the Court granted on October 7, 2013. (Doc. 142). Plaintiffs then filed a Motion for Reconsideration on the Order denying the Motion to Remand, arguing that the factual situation had changed because of United Technologies Corp.'s dismissal. (Doc. 144). Plaintiffs once again asked the Court to remand the case back to state court. Defendant Boeing Co. filed a Response opposing that Motion the grounds that they too could assert the federal officer defense to Plaintiff's claims. (Doc. 145). Plaintiff then filed a Motion to Dismiss Boeing Corp., (Doc. 146), which was granted on October 16, 2013. (Doc. 150). No other Defendants filed a response to the Motion to Reconsider, or have otherwise indicated that they wish to invoke the federal officer removal statute. On December 4, 2013, this case was reassigned to the undersigned to preside over all further proceedings. (Doc. 157). No party has objected to this assignment.

ANALYSIS

Although the Federal Rules of Civil Procedure do not explicitly provide for a motion to reconsider, Fed. R. Civ. P. 60(b)(2) permits a court to relieve a party from an order on the basis of newly discovered evidence. A motion to reconsider is proper in circumstances where there is "a controlling or significant change in the law or facts since the submission of the issue to the Court." ***Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990)**. However, such a motion is not properly a vehicle for introducing evidence that could have been produced prior to the contested ruling. ***Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987)**.

Here, it appears that the Motion to Reconsider is properly made. Plaintiffs point to the change in the docket sheet since the Court considered the Motion to Remand. Two defendants that

raised the federal officer removal statute are no longer parties to this case.  Given the unique features of the federal officer removal statute, discussed more fully below, this kind of change of fact merits a reconsideration of the Plaintiff's Motion.

The federal officer removal statute is an exception to the well-pled complaint rule, which requires federal jurisdiction to arise on the face of the complaint.  ***Ruppel v. CBS Corp.*, 701 F.3d 1176, 1180 (7th Cir. 2012)(citing *Mesa v. California*, 489 U.S. 121, 136 (1989))**.  No party has identified a ground for federal jurisdiction other than the federal officer removal statue, which only United Tech. Corp. and Boeing raised.  Section 1442(a)(1) permits the removal of the entire case, even though the federal officer defense may not apply to all of the claims.  ***Alsup v. 3-Day Blinds, Inc.*, 435 F.Supp.2d 838, 844 (S.D. Ill. 2006)**.

The claims not subject to the federal officer jurisdiction are subject to a type of ancillary jurisdiction. ***Futch v. AIG Inc.*, No. 07-cv-402-GPM,  2007 WL 1752200 at \*4 (S.D. Ill. 2007) (citing 14C Charles Alan Wright, Arthur R. Miller, Edward H. Cooper & Joan E. Steinman, *Federal Practice and Procedure* § 3727 (3d ed. 1998 & Supp. 2007))**.  The district court should consider principles of "comity, federalism, judicial economy, and fairness to litigants," when considering whether to continue to exercise jurisdiction over the ancillary claims after the anchor claim has dropped out.  ***Id.* (quoting 14c Wright, Miller, Cooper & Steinman, *Federal Practice & Procedure* § 3727 (collecting cases)); *see also Macias v. Kerr-McGee Corp.*, No. 92-C-3389, 1993 WL 524734 at \* 1 (N.D. Ill. December 14, 1993)(citing *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 357 (1998))**.  Many courts to consider the issue, including this one, have found that it is appropriate to remand the ancillary claims after the federal claims have dropped out. ***Sullivan v. Conway*, 157 F.3d 1092, 1095 (7th Cir. 1998) ("[F]ederal jurisdiction is not defeated by dropping federal claims after the case has been properly removed to federal court, although if all the federal claims drop out before trial, even as a consequence of**

Plaintiff's own voluntary dismissal, the district judge normally will relinquish jurisdiction over state-law claims.") (citations omitted); *see also* 28 U.S.C. § 1367 (c)(3); *Carr v. CIGNA Sec. Inc.*, 95 F.3d 544, 546 (7th Cir. 1996)("The general rule, when the federal claims fall out before trial, is that the judge should relinquish jurisdiction over any supplemental . . . state law claims in order to minimize federal judicial intrusion into matters of purely state law").

The Seventh Circuit has identified three circumstances where remand would be inappropriate: 1) where the statute of limitations would bar the refiling of claims in state court; 2) where substantial judicial resources have already been spent on the litigation; and 3) where the outcome of the claims is obvious. *Williams Elecs. Games, Inc. v. Garrity*, 479 F.3d 904, 907 (7th Cir. 2007) (citing *Wright v. Associated Ins. Cos.*, 29 F.3d 1244, 1251-52 (7th Cir. 1994)). Where these exceptions do not apply, there is a reluctance to exercise jurisdiction over the remaining claims because of the strong interest of the state in enforcing its own laws. *Groce v. Eli Lilly & Co.*, 193 F.3d 496, 501 (7th Cir. 1999); *Kennedy v. Schoenberg Fisher & Newman, Ltd.*, 140 F.3d 716, 728 (7th Cir. 1998). In addition to the state's interest, the federal judiciary has also expressed a preference towards allocating its resources to cases that present federal claims. *Forbes v. Milwaukee County*, No. 05-C-591, 2007 WL 41950 at *19 (E.D.Wis. Jan. 4, 2007). In particular, there is a preference towards remand in asbestos cases where one defendant out of many removes to federal court based on a federal defense. *See Futch*, 2007 WL 1752200; *Madden v. Able Supply Co.*, 205 F.Supp.2d 695 (S.D. Tex. 2002).

Here, remand appears most appropriate. The only basis for federal jurisdiction is the federal defense of two now-dismissed defendants. No other current defendant has raised the federal officer removal statute as a defense, or objected to remand. The remaining claims, which are numerous, concern issues solely of state law. No parties have argued that they have spent numerous resources litigating in this forum that would be unrecoverable if the case was remanded. No defendant has

pled that they will be prejudiced by such a return.  Therefore, for all of the above reasons, the Motion (Doc. 144) is **GRANTED**; the case is **REMANDED** to the Third Judicial Circuit state court, Madison County Illinois, Case No. 12-L-1843.

CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Reconsider (Doc. 144) is **GRANTED.** The remaining claims and defendants are **REMANDED** to the Third Judicial Circuit state court, Madison County, Illinois, Case No. 12-L-1843.  The remaining motions will remain pending for resolution by the state court judge.

**IT IS SO ORDERED.**
**DATE: January 17, 2014**                     _/s/ Stephen C. Williams_
                                               **STEPHEN C. WILLIAMS**
                                               United States Magistrate Judge